**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERNAL REVENUE SERVICE, | Civil Action No.: 06-2133 (JLL) |
| Appellant, | |
| v. | |
| PATRIOT CONTRACTING CORPORATION, | **OPINION** |
| Appellee. | |

**APPEARANCES:**

Lawrence P. Blaskopf, Esq.
United States Department of Justice
Tax Division
P.O.  Box 227
Ben Franklin Station
Washington, DC 20044
    (Attorney for Appellant)

Michael S. Etkin, Esq.
Lowenstein Sandler, P.C.
65 Livingston Avenue
Roseland, NJ 07068
    (Attorney for Appellee)

Samuel Jason Teele, Esq.
Lowenstein Sandler, P.C.
65 Livingston Avenue
Roseland, NJ 07068
    (Attorney for Appellee)

Joel A. Siegel, Esq.
31 Station Avenue
Somerdale, NJ 08083

(Attorney for Appellee)

**LINARES**, District Judge.

## INTRODUCTION

This matter comes before this Court on the Appeal of the Internal Revenue Service ("IRS" or "Appellant") from the Order of the Honorable Donald H. Steckroth of the United States Bankruptcy Court, District of New Jersey, entered on March 28, 2006, denying Appellant's Motion to Deny Use of Cash Collateral or, alternatively, for Adequate Protection. The Court has considered the submissions made in support of and in opposition to the instant appeal.[1]  This matter is decided without oral argument.[2]  For the reasons set forth below, the instant appeal is hereby dismissed.

## BACKGROUND

**A.      Factual and Procedural Background**

Patriot Contracting Corporation ("Patriot" or "Appellee") is a New Jersey corporation specializing in the short-term demolition of commercial buildings, and the removal of resulting debris.  (Patriot Br. at 2).  Patriot had obtained a working capital line of credit (the "line of credit") and a term loan ("term loan") (together constituting the "Loans") from Merrill Lynch Business Financial Services, Inc. ("MLBFS").  (Id. at 3).  The Loans were collateralized by security interests in Patriot's assets, including its accounts receivable.  (Id.).  On March 27, 2001,

---

[1] The Court has also considered the parties' responses to this Court's December 8, 2006 Order requesting that Appellant show cause why this Court has jurisdiction to hear the pending appeal, in light of 28 U.S.C. §158(a)(1).

[2] After an examination of all submissions in this case and the record from the Bankruptcy Court proceedings, this Court exercises its discretion pursuant to Bankruptcy Rule 8012 and foregoes oral argument.

MLBFS filed a UCC financing statement in connection with its security interests in Patriot's assets. (Id.).

Beginning in 2003, Patriot's business began to suffer, and, as a result, Patriot began drawing cash from the Loans made by MLBFS.  (Id. at 2).  On July 18, 2005, Patriot filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code ("the Bankruptcy Code") in the District of New Jersey.  (Id. at 2; IRS Br. at 2).   As of the Petition Date, Patriot's total assets valued at $1,422,500.00.  (Id. at 3).  As of that date, Patriot owed MLBFS "$2,219,661.61, consisting of $2,050,978.99 in principal, $5,467.57 in accrued and unpaid interest with respect to the Line of Credit and $146,666.54 in principal, $11,310.62 in accrued and unpaid interest, and $4,435.81 in unpaid late fees with respect to the Term Loan," as well as additional interest, costs and attorneys' fees incurred by MLBFS. (Id.).  As a result of certain taxes, alleged by the IRS to have been unpaid, the IRS filed four Notices of Federal Tax Lien on February 21, 2004, August 12, 2004, March 28, 2005 and April 14, 2005.  (Id. at 4).

On July 21, 2005, Patriot filed a motion for interim and final orders approving its use of cash collateral, for adequate protection and setting a final hearing (i.e., "Patriot's Cash Collateral Motion"). (IRS Br. at 2-3).  A certification of service was filed which indicates that on July 22, 2005, Patriot served the IRS with this motion at two field office locations: 600 Arch Street, Philadelphia, PA, 19102; and Cincinnati, OH, 45999. (Id. at 3).   It is undisputed that although the IRS was served with Patriot's Interim Cash Collateral Motion at two field offices, neither the local United States Attorneys' Office, nor the Attorney General were served with said motion. (IRS Br. at 3; Patriot Br. at 4).

The Bankruptcy Court subsequently entered an interim Order authorizing use of cash

collateral on July 25, 2005 (i.e., "Interim Cash Collateral Order"). The Interim Cash Collateral Order stated that there would be a final hearing on Patriot's motion on August 16, 2005, required that any parties-in-interest file objections to the entry of the Final Cash Collateral Order by August 10, 2005, and further specified that the following parties were to be served with the Order: (1) the United States Trustee, (2) the District Director of the IRS, (3) the New Jersey Division of Taxation, (4) MLBFS, and (5) Patriot's twenty largest unsecured creditors. The certification filed by Patriot indicates that the Interim Cash Collateral Order was served on the District Director of the IRS, at 30 Montgomery Street, in Jersey City, NJ, 07302, and on the following three IRS field offices: Cincinnati, OH, 45999; 1801 Liberty Avenue – Suite 1300, Pittsburgh, PA, 15222; and 600 Arch Street, Philadelphia, PA, 19102. It is undisputed that although the IRS was served with a hard copy of the Bankruptcy Court's Interim Cash Collateral Order, neither the local United States Attorneys' Office, nor the Attorney General were served with a hard copy of said interim Order. (IRS Br. at 3; Patriot Br. at 4).

On August 10, 2005, Ms. Julie Sweeney, a Bankruptcy Specialist from the IRS submitted a letter to Samuel Jason Teele, Esq., Patriot's counsel stating, in relevant part, as follows:

> We understand that the debtor in the above referenced case filed a Chapter 11 Bankruptcy on July 18, 2005. The Internal Revenue Service assessed Federal Tax Liabilities and filed a Notice of Federal Tax Lien against this taxpayer prior to the bankruptcy petition. Under 26 U.S.C. sec. 6321, the Federal Tax Lien attaches to all the property belonging to the taxpayer. Section 363(c)(2) of the Bankruptcy Code provides that cash collateral can not be used, sold or leased by the debtor-in-possession unless each entity with an interest in the collateral consents or the Court, after notice and hearing, authorizes the use. The Internal Revenue Service has an interest in all of the debtor's cash collateral by virtue of the tax assessments and Notice of Federal Tax Lien . . . . The Internal Revenue Service does not consent to the use of its cash collateral

by the debtor.

This letter was not filed with the Bankruptcy Court.  However, this letter was brought to the

attention of the Bankruptcy Court during an August 16, 2005 hearing on Patriot's unopposed

motion for interim and final orders approving its use of cash collateral and for adequate

protection.  See Tr. (Aug. 16, 2005) 2:2-7.[3]

On August 16, 2005, the Bankruptcy Court entered an Order authorizing use of cash

collateral (i.e., "Final Cash Collateral Order").  The certification filed by Patriot indicates that

copies of the Final Cash Collateral Order were served on the District Director of the IRS, at 30

Montgomery Street, in Jersey City, NJ, 07302, and on the following three IRS field offices:

Cincinnati, OH, 45999; 1801 Liberty Avenue – Suite 1300, Pittsburgh, PA, 15222; and 600 Arch

Street, Philadelphia, PA, 19102.  It is undisputed that although the IRS was served with a hard

copy of the Bankruptcy Court's August 16, 2005 Final Cash Collateral Order, neither the local

---

[3] The relevant excerpt from the August 16, 2005 hearing is as follows:

| | |
|---|---|
| Mr. Etkin: | Your Honor, I thought this was unopposed.  This is a final cash collateral order.  I still think it's unopposed.  We did get a letter, I have to disclose to the Court, we got a letter from the IRS requesting adequate protection payments.  They did not file, they were served.  Did not file an objection. |
| The Court: | They just sent you a letter? |
| Mr. Etkin: | They sent me a letter requesting – |
| The Court: | They didn't copy the Court, right? |
| Mr. Etkin: | No.  They requested adequate protection payments.  The senior secured lender is under water, to the extent they have a lien by virtue of any prepetition filing. |
| The Court: | Right. |

Tr. (Aug. 16, 2005) at 2:2-15.

United States Attorneys' Office, nor the Attorney General were served with a hard copy of said Order.  (IRS Br. at 3; Patriot Br. at 5).  The Final Cash Collateral Order provided that the "Debtor is authorized, in accordance with the Cash Collateral Budget attached hereto as Exhibit "A", to use MLBFS' cash collateral."

 On or about September 29, 2005, the IRS filed a claim against Patriot in the amount of $1,493,460.72, of which $572,500.77 was alleged to be a secured claim. (IRS Br. at 4).  On October 28, 2005, the IRS filed a motion to deny use of cash collateral or, in the alternative, for adequate protection (hereinafter "IRS's Adequate Protection Motion"), requesting that the Bankruptcy Court deny Patriot's use of cash collateral, or, in the alternative, that adequate protection be provided to the IRS. (IRS Br. at 4).

**B.**    **Findings of the Bankruptcy Court**

Patriot and MLBFS submitted objections to the IRS's Adequate Protection Motion, and hearings were held before United States Bankruptcy Judge Donald Steckroth on December 6, 2005 and December 20, 2005.  The IRS raised the issue of improper service in connection with Patriot's Cash Collateral Motion and the Bankruptcy Court's corresponding orders for the first time at the December 6, 2005 hearing. See Tr. (Dec. 6, 2005) at 3:22-4:4.  The IRS also raised the issue that a determination of when Patriot had acquired certain assets was necessary in order to determine whether MLBFS's secured lien took priority over the IRS's secured tax lien.  See id. at 4:23-5:9.

On March 28, 2006, the Bankruptcy Court issued an Opinion and Order denying the IRS's Adequate Protection Motion on the basis that the Final Cash Collateral Order became a "final, non-appealable order ten days after it was entered by the Court."  (March 28, 2006 Op. at

6).  Thus, the Bankruptcy Court found that the doctrine of res judicata applied, which precluded the relief requested by the IRS.  As an alternative basis for denying the IRS's Adequate Protection Motion, the Bankruptcy Court also determined that even if res judicata did not apply, because the IRS is an unsecured creditor – by virtue of the fact that the debtor's assets were insufficient to satisfy the secured claims of MLBFS – the remedy of adequate protection is unavailable.  (March 28 Op. at 8).  On April 6, 2006, the IRS filed a notice of appeal of the Bankruptcy Court's March 28, 2006 Order.

## DISCUSSION

In its notice of appeal, the IRS designates four issues which it appeals: (1) did Patriot properly serve its Cash Collateral Motion on the IRS; (2) was the Bankruptcy Court correct in holding that res judicata applied, in light of the fact that Patriot did not properly serve the IRS with its Cash Collateral Motion; (3) was the Bankruptcy Court correct in determining the priority of federal tax lien absent the filing of an adversary proceeding; and (4) was the Bankruptcy Court correct in finding that the federal tax claim was unsecured without considering when Patriot acquired its assets. (IRS Br. at 1-2).

**A.    Jurisdiction**

28 U.S.C. § 158(a)(1) provides that "district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees."  For the reasons set forth below, this Court determines that it is without jurisdiction to hear the instant appeal pursuant to 28 U.S.C. § 158(a).[4]

_____

[4] The Court notes that while neither party originally questioned this Court's jurisdiction, this Court asked for further briefing of the issue in order to determine whether the Bankruptcy Court's March 28, 2006 Order was a final, appealable order as required by 28 U.S.C. § 158(a)(1).

Page 7 of  27

The Third Circuit has explained that "an order is deemed final when a discrete dispute within the larger [bankruptcy] context is conclusively determined." In re Halvajian, 216 B.R. 502, 509 (D.N.J. 1998), aff'd 168 F.3d 478 (3d Cir. 1998). The Third Circuit has also set forth certain factors that district courts should consider when determining whether a bankruptcy court order is an appealable final order.

> These include the impact of the disputed issue on the assets of the
> bankruptcy estate, the necessity for additional fact-finding on a
> remand, the preclusive effect of this court's decision on the merits
> of subsequent litigation, and the furtherance of judicial economy.
> Application of that analysis to this case clearly justifies the
> exercise of appellate jurisdiction.

Wheeling-Pittsburgh Steel Corp. v. McCune, 836 F.2d 153, 158 (3d Cir. 1987) (internal citation omitted).

Although the Court recognizes that district courts within the Third Circuit have considered appeals from cash collateral orders rendered by the bankruptcy court,[5] the Court finds that the Bankruptcy Court's March 28, 2006 Order does not constitute a "final order" as defined by the Third Circuit in In re Halvajian, 216 B.R. at 509 (explaining that a bankruptcy court's order shall be deemed final "when a discrete dispute within the larger [bankruptcy] context is

---

Federal Rule of Civil Procedure 12(h)(3) states that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Thus, the Court possesses the authority to conduct a sua sponte inquiry to determine whether subject matter jurisdiction exists. See, e.g., Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Philadelphia, 657 F.2d 29, 36 (3d Cir. 1981) ("A federal court is bound to consider its own jurisdiction preliminary to consideration of the merits . . . Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the action must be dismissed.").

[5] See, e.g., In re West Chestnut Realty of Haverford, Inc., 173 B.R. 322, 324 (E.D. Pa. 1994); In the Matter of Glen Properties, 168 B.R. 537, 538 (D.N.J. 1993); Midlantic Nat. Bank v. Sourlis, 141 B.R. 826, 828-29 (D.N.J. 1992).

conclusively determined.").  In particular, the Court finds that the issue of whether Patriot should

be permitted to use cash collateral was conclusively determined by the Bankruptcy Court's

August 16, 2005 Final Cash Collateral Order.[6]  As such, the Court disagrees with the IRS's

argument that "the Bankruptcy Court's [March 28, 2006] Order conclusively determined a

discrete dispute: it determined that the debtor was able to use cash collateral that the United

States claimed was subject to its federal tax liens; and in so ruling, it determined that the Internal

Revenue Service had no lien against the debtor's assets." (IRS Resp. to Order to Show Cause at

5).[7]  Rather, the Court finds that the IRS's October 28, 2005 Adequate Protection Motion was

more akin to an untimely appeal or motion for reconsideration of the Bankruptcy Court's August

16, 2005 Final Cash Collateral Order,[8] and that Judge Steckroth's March 28, 2006 Order is

merely a denial of same on the basis that any such request was untimely, and that all of the issues

raised by the IRS had already been conclusively determined in the prior proceeding.[9]  See, e.g., In

---

[6] See generally In re Northeast Chick Services, Inc., 43 B.R. 326, 331-32 (Bankr. D. Mass. 1984) (stating that a creditor cannot request adequate protection once the bankruptcy court has entered an order allowing debtor's use of the underlying secured property).

[7] The Court notes that  Judge Steckroth's determination that the IRS's claim is unsecured was only an alternative basis for the Court's holding.  As such, this Court determines that this finding was not essential to the Bankruptcy Court's March 28, 2006 holding.

[8] Federal Rule of Bankruptcy Procedure 8002(a) provides that "[t]he notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from."

[9] For example, Judge Steckroth explained that "[t]hrough its motion the IRS seeks to deny the Debtor's use of its cash collateral.  However, the Debtor has been granted permission to use the cash collateral pursuant to the Final Cash Collateral Order entered by this Court on August 16, 2005 . . . . As a consequence of its lackadaisical position regarding the Debtor's application to use cash collateral, the [August 16, 2005] Final Cash Collateral Order has become a final order for res judicata purposes, and the IRS cannot now challenge that Order through a subsequent motion." (March 28 Op. at 6-7).

re Universal Minerals, Inc., 755 F.2d 309, 312 (3d Cir. 1985) ("Failure to file a timely notice of appeal thus deprives the district court of jurisdiction to review the bankruptcy court's order or judgment.") (emphasis added).

Furthermore, the Court finds that no additional fact-finding was necessary after the August 16, 2005 Final Cash Collateral Order, and that the March 28, 2006 Order could have little or no preclusive effect, as the Bankruptcy Court had already determined the underlying dispute at issue in its August 16, 2005 Final Cash Collateral Order – namely, whether Patriot should be permitted to use cash collateral.  Finally, the Court notes that in light of the circumstances of this case, the interest of judicial economy is best served by recognizing the finality of the August 16, 2005 Order.  As a result, the factors set forth by the Third Circuit in Wheeling-Pittsburgh Steel Corp., also weigh in favor of a finding that the March 28, 2006 Order did not constitute an appealable "final order" within the context of 28 U.S.C. § 158(a)(1). 836 F.2d at 158.

Thus, the Court determines that the Bankruptcy Court's March 28, 2006 Order does not constitute a "final order" because it did not conclusively determine a discrete dispute within the larger bankruptcy case, since the discrete dispute at issue had already been determined by the Bankruptcy Court's August 16, 2005 Final Cash Collateral Order.  As a result, the instant appeal is hereby dismissed, as the Court finds that it lacks jurisdiction to hear same.  However, assuming, arguendo, that the March 28, 2006 Order is found to constitute a final order, the Court will nevertheless address the merits of the IRS's appeal.

**B.      Standard of Review**

Under Rule 8013 of the Bankruptcy Rules, this Court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further

proceedings."  In bankruptcy cases, the district court serves an appellate function. Thus, the Court reviews findings of fact under a clearly erroneous standard and legal conclusions under a de novo standard. Fed. R .Bankr. P. 8013; In re Sharon Steel Corp., 871 F.2d 1217, 1223 (3d Cir. 1989).  A factual finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." In re Cellnet Data Systems, Inc., 327 F.3d 242, 244 (3d Cir. 2003) (citing United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. 8013.

Legal conclusions of the bankruptcy court are subject to de novo review.  J.P. Fyfe, Inc. of Florida v. Bradco Supply Corp, 891 F.2d 66, 69 (3d Cir. 1989); Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 102 (3d Cir. 1981). For determinations that involve mixed questions of law and fact, a district court must apply a mixed standard of review. Mellon Bank, N.A. v. Metro Commc'n, Inc., 945 F.2d 635, 642 (3d Cir. 1981). This Court must accept the Bankruptcy Court's findings of historical or narrative facts unless clearly erroneous, but exercises "plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts." Universal Minerals, 669 F.2d at 101-02.  Additionally, the Bankruptcy Court's exercises of discretion are reviewed for abuse thereof.  Kool, Mann, Coffee & Co. v. Coffey, 300 F.3d 340, 353 (3d Cir. 2002).

**C.    Analysis**

     **1.    <u>Service of Process Issue</u>**

The IRS asks this Court to determine whether Patriot properly served its Cash Collateral Motion on the IRS, in light of Bankruptcy Rules 9014(b),[10] 7004(b)(4)[11] and 4001(b)(1).[12]  In short, Rules 9014(b) and 7004(b)(4) provide that motions brought in contested matters must be served by mailing a copy of the motion to the particular agency, the local United States

---

[10]  Rule 9014(a)  provides that "in a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court directs otherwise."  Subsection (b) provides that the "motion shall be served in the manner provided for service of a summons and complaint by Rule 7004."

[11]  Rule 7004(b)(4) states that Federal Rule of Civil Procedure Rule 4(a), (b), (c)(1), (d)(1), (e)-(j), (l), and (m) applies in adversary proceedings.  Federal Rule of Civil Procedure 4(i) provides that service on an agency of the United States is to be effected by "delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought . . . by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and . . . by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation."

[12]  Rule 4001(b) provides that "a motion for authorization to use cash collateral shall be made in accordance with Rule 9014 and shall be served on any entity which has an interest in the cash collateral . . . ."  The Court notes that although the IRS raised the issue of improper service of process for the first time at the December 6, 2005 oral argument, the IRS did not refer to Rule 4001(b) at that time.  Rather, the IRS focused on Patriot's Cash Collateral Motion as a "contested matter" under Rule 9014(a).  The relevant excerpt from the December 6, 2005 hearing is as follows:

The Court:      Right.  What about the Court order we have in the case, the final cash collateral order of August 16, 2005?

Mr. Saal:       Your Honor, the service of the motion that generated that order was not adequate. The Philadelphia and Cincinnati service centers were served but since the [sic] contested matter under Rules 9014 and 7004(b)(4), you would have to notify the attorney general in Washington and the local U.S. Attorney's office and that was not done to my knowledge.

Tr. (Dec. 6, 2005) at 3:19-4:3; see also id. at 10:9-15.  As such, the relevance of Rule 4001(b) was raised for the first time in the IRS's Appellate Brief.

Attorney's Office and the Attorney General of the United States.  Rule 4001(b)(1) provides that

motions for authorization to use cash collateral must be made in accordance with Rule 9014.

Notably, the IRS does not point to any finding made by Judge Steckroth in connection with this

issue.

Having reviewed the March 28, 2006 Opinion, it appears that Judge Steckroth did not

reach the merits of the service of process issue, which had been raised for the first time by the

IRS during oral argument at the December 6, 2005 hearing.  As such, this Court will review

Judge Steckroth's decision to reject the IRS's service of process argument for abuse of

discretion.  To the extent that the IRS asks this Court to determine whether Patriot properly

served its Cash Collateral Motion on the IRS pursuant to Bankruptcy Rule 9014(b), the Court

determines that this issue was not adequately presented to the Bankruptcy Court, and is thus not

properly before this Court on appeal.  See, e.g., Singleton v. Wulff, 428 U.S. 106, 120 (1976) ("It

is the general rule, of course, that a federal appellate court does not consider an issue not passed

upon below."); Matter of Glen Properties, 168 B.R. 537, 539 (D.N.J. 1993) (finding that an issue

raised at oral argument, for the first time, did not preserve the argument for appellate review).[13]

_____

[13] The Court does not determine that the circumstances of this case nevertheless justify
the resolution of the service of process issue.  See Singleton, 428 U.S. at 121 (stating that the
determination of "what questions may be taken up and resolved for the first time on appeal is one
left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual
cases" and recognizing that "there are circumstances in which a federal appellate court is justified
in resolving an issue not passed on below, as where the proper resolution is beyond any doubt . . .
or where 'injustice might otherwise result.'") (internal citations omitted).  This decision is made
in light of the fact that Patriot was never afforded an opportunity to fully brief the service of
process issue before the Bankruptcy Court. See, e.g., id. (determining that the appellate court had
no jurisdiction to hear the merits of the case, and finding that "injustice was more likely to be
caused than avoided by deciding the issue without petitioner's having had an opportunity to be

Based upon this Court's review of Judge Steckroth's March 28, 2006 Opinion, it appears that the Bankruptcy Court: (1) noted that the IRS did not state that it was improperly served with Patriot's Motion for Cash Collateral, or the Bankruptcy Court's Interim Order, in its moving papers, (2) despite having adequate notice of Patriot's (July 21, 2005) Cash Collateral Motion at the time of filing its Adequate Protection Motion (October 28, 2005), (3) as evidenced by the August 10, 2005 letter sent by the IRS to Patriot.[14]  See March 28 Op. at 4, 5, 7.  As such, it appears that the Bankruptcy Court implicitly rejected the IRS's service of process argument as not properly before the Bankruptcy Court.  In light of these circumstances, this Court does not find that Judge Steckroth abused his discretion in rejecting the IRS's service of process argument. See, e.g., O'Connor v. Kelly, No. 02-2257, 2004 WL 1012853, at *2 n. 5 (E.D. Pa. May 5, 2004) (rejecting an argument made by the plaintiff because, among other reasons, it had

_____

heard.").

[14] Although the IRS acknowledges that it sent a letter to Patriot on August 10, 2005, the IRS argues that this letter merely indicates that the IRS was aware of the bankruptcy proceeding – "there is no indication that the IRS's employee who wrote the letter was aware of the debtor's motion for use of cash collateral and the interim order that the Bankruptcy Court had entered." (IRS Reply Br. at 2).  Furthermore, the IRS argues that the IRS employee who wrote the August 10, 2005 letter could not have filed the letter with the Bankruptcy Court because the "IRS has no capacity to sue or be sued, only the United States may do so on the IRS's behalf." (Id.).  Thus, the IRS argues that only the United States had the legal capacity to respond to Patriot's Cash Collateral Motion, and only an official from the Department of Justice could respond to said motion on behalf of the United States.  Because the Department of Justice received no notice of Patriot's Cash Collateral Motion, the result was that "the government [was] . . . unable to participate in the debtor's cash collateral/adequate protection motion." (Id. at 3).

This Court disagrees with the IRS's interpretation of the letter, which specifically stated that the IRS did "not consent to the use of its cash collateral by the debtor."  See Patriot's Objection to IRS's Adequate Protection Mot., Ex. B.  Thus, this Court agrees with the Bankruptcy Court's determination that the August 10, 2005 letter illustrates both that the IRS had actual notice of the underlying motion for use of cash collateral, and that the IRS was concerned at the prospect that Patriot might be permitted to use cash collateral.

been raised for the first time at oral argument); Garver v. Garver, No. 96-2507, 1997 WL 47801, at *6 n. 1 (S.D.N.Y. Feb. 5, 1997) (finding that an argument raised for the first time at oral argument not was properly before the court).[15]

### 2. Application of Res Judicata

The IRS also asks this Court to determine whether the Bankruptcy Court was correct in holding that res judicata applied, given the allegedly improper service of process of Patriot's Cash Collateral Motion on the IRS. Having found that the Bankruptcy Court did not abuse its discretion in rejecting the IRS's improper service of process argument, and having determined that the issue of whether Patriot properly served its Cash Collateral Motion on the IRS pursuant to Bankruptcy Rule 9014(b) is, therefore, not properly before this Court on appeal, the Court will limit its de novo review of Judge Steckroth's res judicata analysis accordingly.

In his March 28, 2006 Opinion, Judge Steckroth determined that although the IRS's Adequate Protection Motion requests that the Court deny Patriot's use of cash collateral, Patriot

---

[15] In its Reply Brief, the IRS argues that it could not have raised this argument in its moving papers because it first became aware that Patriot intended to oppose the government's motion on the ground of res judicata – in connection with the Bankruptcy Court's August 16 Final Cash Collateral Order – in Patriot's opposition brief. (IRS Reply at 6). As such, according to the IRS, because the Local New Jersey Bankruptcy Rules do not allow replies to opposition briefs, its first opportunity to raise issue with the Court's August 16 Order was during oral argument. (Id.).

At the outset, the Court notes that the IRS did not set forth this explanation for failing to raise the issue of improper service in its moving papers during the December 6, 2005 oral argument before the Bankruptcy Court. Furthermore, although it does not appear that the Local New Jersey Bankruptcy Rules automatically permit replies to opposition briefs, as a matter of right, the IRS had eight days (in between the filing of Patriot's opposition brief and the scheduled oral argument) in which it could have requested leave of the Bankruptcy Court to file a reply brief. No evidence has been presented indicating that the IRS ever sought permission to file same.

had previously been granted permission to use the cash collateral pursuant to that Court's August 16, 2005 Final Cash Collateral Order. (March 28 Op. at 6).  Additionally, the Bankruptcy Court determined that the IRS had not filed an objection to the entry of the Interim Cash Collateral Order, despite having received adequate notice of the pending Cash Collateral Motion and scheduled hearing – as evidenced by the IRS's August 10, 2005 letter to Patriot.[16]  (Id.). Furthermore, the Bankruptcy Court found that the IRS had also failed to file a notice of appeal or a motion for reconsideration of the Bankruptcy Court's August 16 Opinion and Order.  (Id.). Having reviewed the record in its entirety, this Court finds that these factual findings were not clearly erroneous.

The Court must next examine whether Judge Steckroth improperly applied the law to the relevant facts of this case.

> **(i)     The August 16 Final Cash Collateral Order Became a Final, Non-appealable Order Ten Days After Entered by the Bankruptcy Court**

First, the Bankruptcy Court determined that pursuant to Federal Rule of Bankruptcy Procedure 8002(a), the August 16 Final Cash Collateral Order became a "final, non-appealable order ten days after it was entered by the Court." (March 28 Op. at 6).  Federal Rule of Bankruptcy Procedure 8002(a) provides, in relevant part, as follows:

> The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from. If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 10 days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires.

Fed. R. Bankr. P. 8002(a).  It is undisputed that the IRS did not move for reconsideration or file a

---

[16] See supra note 14 and accompanying text.

direct appeal of the Bankruptcy Court's August 16, 2005 Final Cash Collateral Order within the requisite ten-day period after entry of same.  Furthermore, the record does not indicate that the IRS requested an extension of time in which to file an appeal.  See Fed. R. Bankr. P. 8002(c).  As such, this Court concurs with the Bankruptcy Court's determination that the August 16 Final Cash Collateral Order is final in the sense that it is no longer subject to appeal or reconsideration under the Federal Rules of Bankruptcy Procedure. See, e.g., In re Discount Family Boats of Texas, Inc., 233 B.R. 365, 371 (Bankr. D. Tex. 1999) (finding that an order issued by the bankruptcy court in connection with a motion for valuation became "final and non-appealable ten days thereafter.").

### (ii)      The Doctrine of Res Judicata is Applicable to Financing Orders

Secondly, the Bankruptcy Court determined that the doctrine of res judicata is applicable to financing orders of the bankruptcy court, such as the August 16 Final Cash Collateral Order. (March 28 Op. at 6).

By way of background, the doctrine of res judicata, or claim preclusion, bars the re-litigation of matters actually determined in an earlier action, as well as "all relevant matters that could have been so determined." Watkins v. Resorts Int'l Hotel & Casino, Inc., 591 A.2d 592, 599, 604 (N.J. 1991); see also Cahn v. United States, 269 F. Supp. 2d 537, 544 (D.N.J. 2003) ("[A] judgment 'foreclos[es] litigation of a matter that has never been litigated, because of a determination that it should have been advanced in an earlier suit.'" (citation omitted)).

The Third Circuit has applied the claim preclusion doctrine in the context of bankruptcy proceedings.  See, e.g., Eastern Minerals & Chemicals Co. v. Mahan, 225 F.3d 330, 337-38 (3d Cir. 2000); Bd. of Trs. of Trucking Employees of North Jersey Welfare Fund, Inc. v. Centra, 983

F.2d 495, 504 (3d Cir. 1992).  "Although the contours of a bankruptcy case make its application somewhat more difficult than in other contexts, the doctrine of <u>res judicata</u> is fully applicable to bankruptcy court decisions . . . . Moreover, <u>res judicata</u> is applicable to final orders issued by the bankruptcy court." <u>Fox v. Congress Financial Corp.</u>, 328 B.R. 99, 115 (Bankr. D.N.J. 2005). Additionally, "res judicata has been held applicable to financing orders."  <u>Id.</u> at 116 (citing to <u>NovaCare Holdings, Inc. v. Mariner Post-Acute Network, Inc.</u>, 267 B.R. 46, 52-53 (Bankr. D. Del. 2001)).

Thus, upon reviewing <u>de novo</u> Judge Steckroth's determination that the doctrine of <u>res judicata</u> is applicable to financing orders – such as the Bankruptcy Court's August 16 Final Cash Collateral Order – this Court finds that Judge Steckroth properly applied the doctrine of <u>res judicata</u> to the facts of this case.

### (iii)   The August 16 Final Cash Collateral Order Became a Final Order for Res Judicata Purposes

Additionally, the Bankruptcy Court determined that "[a]s a consequence of [the IRS's] . . . lackadaisical position regarding the Debtor's application to use cash collateral, the Final Cash Collateral Order has become a final order for <u>res judicata</u> purposes." (March 28 Op. at 7).  The Court will now review, <u>de novo</u>, Judge Steckroth's determination that the August 16 Final Cash Collateral Order became a final order for purposes of <u>res judicata</u>.

The Third Circuit has set forth three prerequisites for application of <u>res judicata</u>:

  (1) a final judgment on the merits in a prior suit involving;
  (2) the same parties or their privities; and
  (3) a subsequent suit based on the same cause of action.

<u>Bd. of Trs. of Trucking Employees of North Jersey Welfare Fund, Inc. v. Centra</u>, 983 F.2d 495,

504 (3d Cir. 1992).

The Court finds that the August 16 Final Cash Collateral Order constitutes a final judgment for purposes of <u>res judicata</u>.  In the context of appellate jurisdiction, the Third Circuit has stated that finality should be construed in a more pragmatic, and less technical way, in bankruptcy cases.  <u>See</u> <u>In re Amatex Corp.</u>, 755 F.2d 1034, 1039 (3d Cir. 1985) (stating that "'[c]onsiderations unique to bankruptcy appeals have, in the past,' led us to interpret finality more broadly in the bankruptcy context than in other areas.").  Additionally, the Third Circuit has construed the finality requirement for claim preclusion as "final in the sense of being appealable."  <u>In re Brown</u>, 951 F.2d 564, 569 (3d Cir. 1991); <u>see, e.g.</u>, <u>In re Halvajian</u>, 216 B.R. at 509 (stating that "'an order is deemed final when a discrete dispute within the larger [bankruptcy] case is conclusively determined.'").  Because the August 16 Final Cash Collateral Order conclusively decided the issue of whether Patriot should be permitted to use its cash collateral, and was therefore appealable, the Court finds that the August 16 Final Cash Collateral Order constitutes a final judgment for purposes of <u>res judicata</u>.[17]

---

[17] The IRS does not dispute that the August 16 Final Cash Collateral Order constitutes a final order for purposes of <u>res judicata</u>; rather, the IRS argues that because the August 16 Order was improperly served on the government, it should not be accorded preclusive effect. (IRS Br. at 8-9).  In support of this argument, the IRS cites to several cases for the proposition that where the Bankruptcy Rules "specify the notice required prior to entry of an order, due process generally entitles a party to receive the notice specified before an order binding the party will be afforded preclusive effect." <u>New Jersey Higher Educ. Assistance Authority v. Pennell</u>, 377 N.J. Super. 13, 24 (N.J. Super. Ct. App. Div. 2005) (citing <u>In re Banks</u>, 299 F.3d 296 (4th Cir. 2002)). Having determined that the Bankruptcy Court did not abuse its discretion in rejecting the IRS's service of process argument, the Court need not address this argument on appeal.  To the extent that the Court should address this argument, the Court finds the case at hand to be factually distinguishable from <u>New Jersey Higher Education</u> and <u>In re Banks</u>, both of which involved the confirmation of a plan that contained a provision discharging certain student loans/ postpetition interest on the student loans, whereby "the creditor had no reason to anticipate that it should participate by objecting to the plan." <u>New Jersey Higher Education</u>, 377 N.J. Super at 26.  Here,

Additionally, the Court finds that both motions regarding Patriot's cash collateral involve the same parties.  In particular, the Court finds that, as one of Patriot's creditors, the IRS was a party-in-interest in the Bankruptcy Court's August 16 determination regarding Patriot's ability to use cash collateral.  As a result of being a party-in-interest, the IRS received notice of the underlying proceeding regarding Patriot's ability to use cash collateral, and was given an opportunity to object to Patriot's use of same.  As such, the Court finds that the second requirement for res judicata has been satisfied.

With respect to the third requirement, the Third Circuit has explained that "[i]n deciding whether two suits are based on the same 'cause of action,' we take a broad view, looking to whether there is an 'essential similarity of the underlying events giving rise to the various legal claims.'" CoreStates Bank, N.A. v. Huls America, Inc., 176 F.3d 187, 194 (3d Cir. 1999) (citations omitted).  Because Patriot's Cash Collateral Motion and the IRS's Adequate Protection Motion both relate to the issue of whether Patriot should be permitted to use cash collateral, this Court determines that both legal claims arise out of the same cause of action for purposes of res judicata.

As such, this Court determines that the IRS's Adequate Protection Motion is so closely related to Patriot's Cash Collateral Motion that it was unreasonable for the IRS not to have raised the issue of improper service of process while the Bankruptcy Court was deciding the very issue it now attempts to raise – namely, whether Patriot should be permitted to use cash collateral.  The

the Court finds no evidence contained in the record suggesting that the IRS had no reason to anticipate that it should have taken some action to protect its interest in Patriot's cash collateral while Patriot's Cash Collateral Motion was pending before the Bankruptcy Court.  Instead, the August 10, 2005 letter from the IRS to Patriot illustrates to the Court that the IRS did, in fact, have reason to anticipate that some action was warranted on its part.

IRS does not argue that it was unaware that the Bankruptcy Court was resolving the issue of whether Patriot should be permitted to use cash collateral; rather, the IRS argues that it was not properly served with Patriot's Cash Collateral Motion.  Having already determined that the August 10, 2005 letter from the IRS to Patriot indicates that the IRS had actual notice of the underlying motion for use of cash collateral, the Court, therefore, agrees with Judge Steckroth's determination that the IRS's Adequate Protection Motion should be barred based on principles of res judicata.

> (iv)    **The IRS's Adequate Protection Motion Was An Improper Collateral Attack Upon a Final Order**

Finally, the Bankruptcy Court determined that, as a result of the doctrine of res judicata, "the IRS cannot now challenge that Order through a subsequent motion." (March 28 Op. at 7). Thus, the Bankruptcy Court found that the IRS's Adequate Protection Motion constituted an improper collateral attack upon a final order.  On appeal, the IRS argues that because the government was not properly served with Patriot's Cash Collateral Motion, the Bankruptcy Court's corresponding August 16 Final Cash Collateral Order is void, and where an order is void, it is subject to collateral attack. (IRS Reply Br. at 5).

The IRS had raised this issue – for the first time – during the December 6, 2005 oral argument held before Judge Steckroth.  There, the IRS argued that although the IRS's Philadelphia and Cincinnati service centers had been served with the Court's August 16 Order, because this was a "contested matter under Rules 9014 and 7004(b)(4), you would have to notify the attorney general in Washington and the local US Attorney's office and that was not done."[18]

---

[18] See supra note 12 and accompanying text.

<u>See</u> Tr. (Dec. 6, 2005) at 3:22-4:4.  As previously discussed, the IRS had not raised this argument

in its moving papers.  Thus, in reaching its March 28, 2006 decision, the Bankruptcy Court did

not address the application of Rule 9014, or Federal Rule of Civil Procedure 4(i).  Rather, it

appears that the Bankruptcy Court implicitly rejected the IRS's service of process argument,

while stating that the "IRS failed to timely object and protect its rights as specifically set forth by

this Court with regard to the Debtor's original motion seeking the cash collateral order . . . and

made no attempt to obtain any protection from this Court prior to its entry despite receiving

adequate notice." (March 28 Op. at 7).

Having already determined that the Bankruptcy Court did not abuse its discretion in

rejecting the IRS's improper service of process argument, the Court need not address – on appeal

– the merits of the IRS's argument that the Bankruptcy Court's August 16 Final Cash Collateral

Order is void, and thus subject to collateral attack.  <u>See</u> <u>infra</u> Part C.1 for a discussion of same.

To the extent that the Court should reach the merits of the IRS's argument, the Court recognizes

that bankruptcy courts have vacated prior orders upon a finding of improper service of process on

the United States; however, courts have generally done so in situations where the government's

challenge of said order was procedurally proper.  <u>See, e.g.</u>, <u>In re J.B. Winchells, Inc.</u>, 106 B.R.

384, 395 (Bank. E.D. Pa. 1989) (vacating previous order which had not been properly served on

the United States where the government filed a motion to vacate said order under Federal Rule of

Bankruptcy Procedure 9024).  Similarly, this Court is aware that certain district courts have

reversed decisions of a bankruptcy judge where the district court found that the government had

not been properly served with the underlying motion; however, typically, those cases involve an

appeal of the particular order at issue, a motion to vacate the order at issue, or an appeal of the

order denying the government's motion for relief from the order at issue.  See, e.g., In re Laughlin, 210 B.R. 659 (1st Cir. B.A.P. 1997) (reversing the bankruptcy court's decision upon the government's motion to vacate said order pursuant to Federal Rule of Civil Procedure 60(b)(4) and Federal Rule of Bankruptcy Procedure 9024, and after a finding that the bankruptcy court's order was void where the corresponding motion had been improperly served on the United States); In re Hernandez, 173 B.R. 430 (Bank. N.D. Ala. 1994) (reversing and remanding the bankruptcy court's decision regarding debtor's contest of claim upon the government's motion to vacate said decision, after a finding that debtor's contest of claim was improperly served on the United States); In re Morrell, 69 B.R. 147 (Bank. N.D. Cal. 1986) (reversing and remanding the bankruptcy court's decision to sustain disallowance of claims upon the government's direct appeal of said decision, and after a finding that the United States was improperly served with the creditors' committee's objections); In the Matter of Simms, 33 B.R. 792 (Bank. N.D. Ga. 1983) (reversing and remanding bankruptcy court decision upon the government's appeal of said decision, and after a finding that the debtor had failed to properly serve its objections to the proof of claim on the United States).

In contrast to those cases, the Court determines that the instant appeal does not – in any way – derive from the Bankruptcy Court's August 16 Final Cash Collateral Order, which the IRS now alleges is void.  It is undisputed that the IRS did not move to vacate the Bankruptcy Court's August 16 Final Cash Collateral Order pursuant to Federal Rule of Civil Procedure 60(b), which specifically provides for relief from a judgment or order which is void.[19]  Instead, after receiving

---

[19] Federal Rule of Civil Procedure 60(b) provides that "[o]n motion . . . the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by

notice of Patriot's Cash Collateral Motion at two of its field offices (in Philadelphia, PA and

Cincinnati, OH), and sending a letter to Patriot voicing its concern with Patriot's use of cash

collateral, the IRS apparently chose not to monitor the bankruptcy docket.  Additionally, after

receiving a copy of the Bankruptcy Court's August 16 Final Cash Collateral Order at the office of

the District Director of the IRS in Jersey City, NJ, and at three IRS field offices in Cincinnati,

OH, Pittsburgh, PA, and Philadelphia, PA, the government did not move to vacate said order on

the basis that it was void, as it now alleges, nor did the government file an appeal of said order.

In fact, the government took no steps to protect its interest in Patriot's cash collateral.[20]  Rather,

the IRS chose to wait two months after the Bankruptcy Court decided the very issue of whether

Patriot should be permitted to use cash collateral before filing a motion seeking to deny Patriot

_____

due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud, . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is
void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon
which it is based has been reversed or otherwise vacated, or it is no longer equitable that the
judgment should have prospective application; or (6) any other reason justifying relief from the
operation of the judgment. The motion shall be made within a reasonable time, and for reasons
(1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or
taken." Fed. R. Civ. P. 60(b). Federal Rule of Bankruptcy Procedure 9024 provides that Federal
Rule of Civil Procedure 60(b) shall be applicable to bankruptcy cases.

[20]   In light of the IRS's actual knowledge of Patriot's Cash Collateral Motion, the Court
finds the IRS's argument that the IRS employee who wrote the August 10, 2005 letter was
completely precluded from responding to Patriot's Cash Collateral Motion – because only the
officials of the Department of Justice can legally respond to such motions on behalf of the United
States – to be unpersuasive.  (IRS Reply at 2).  While the Court does not determine that the
particular IRS employee who composed the August 10, 2005 letter to Patriot necessarily had the
authority to respond to the cash collateral motion on behalf of the United States, the Court finds
the absence of any action, whatsoever, on behalf of the IRS to protect its interest in the then
pending cash collateral motion, to be unacceptable given the circumstances of this case.  See,
e.g., In re Morrell, 69 B.R. at 148 (upon discovering the default resulting from improper service
of process on the United States, the United States contacted the attorney for the Creditors'
Committee to request a stipulation to vacate same).

the ability to use same.  Even if the Court were to assume, <u>arguendo</u>, that Patriot's Cash

Collateral Motion was not properly served pursuant to the Federal Rules of Bankruptcy

Procedure, given that the IRS had actual knowledge of the underlying motion, as evidenced by

their August 10, 2005 letter to Patriot, the Court finds no reason why the IRS was incapable of

directly challenging or seeking relief from the Bankruptcy Court's August 16 Final Cash

Collateral Order.[21]

As a result, upon <u>de novo</u> review of Judge Steckroth's decision that the IRS's Adequate

---

[21]  The IRS argues that although it could have directly challenged the August 16 Cash
Collateral Order, it is not precluded from collaterally attacking same based on the United States
Supreme Court's holding in United States v. United States Fidelity & Guaranty Co., 309 U.S.
506 (1940).  (IRS Reply at 4).  In United States Fidelity & Guaranty Co., the Supreme Court
explained that a collateral attack on a final order is permissible where the order is found to be
void. 309 U.S. 506, 514 (1940).  The Court has thoroughly reviewed the United States Fidelity &
Guaranty Co. decision and finds the circumstances of the instant bankruptcy appeal to be quite
dissimilar from the facts surrounding the United States Fidelity & Guaranty Co. case.

In United States Fidelity & Guaranty Co., the order was found to be void because the
United States did not consent to be sued in the court from which the order originated.  There, the
issue before the Supreme Court was whether a judgment rendered in the District of Missouri,
involving a cross-claim brought against the United States (acting on behalf of the Indian
Nations),  was valid for purposes of res judicata in connection with a separate cause of action
brought by the United States in the Eastern District of Oklahoma.  In that case, the United States
argued that because it had not consented to be sued in the District of Missouri, the cross-claim
brought against it rendered the entire order void.  In determining that the Missouri judgment was,
in fact, void, and that a collateral attack was thus permissible in the Eastern District of
Oklahoma, the Supreme Court explained that "Congress has made provision for cross-suits
against the Indian Nations by defendants.  This provision, however, is applicable only to any
United States court in the Indian Territory."  Id. at 513.  Thus, it appears that the Supreme
Court's holding hinged on the fact that the District of Missouri was not the proper forum for the
cross-claim brought against the United States, presumably because it was not an Indian Territory.
Notably, the issue of service of process was not implicated in the Fidelity decision.  Thus, the
Court finds the factual backdrop of the United States Fidelity and Guaranty case to be
distinguishable from the facts of this case, on a number of levels.

Protection Motion was an improper collateral attack upon a final order, this Court finds that it was properly based upon the applicable law and the entire record.  The Court also finds that although Patriot had a duty to serve its Cash Collateral Motion on all parties-in-interest in accordance with the Federal Rules of Bankruptcy Procedure, the IRS likewise had a duty to ensure that its interests in this case were adequately protected in light of its awareness of the underlying cash collateral motion.

It is clear to this Court that the IRS failed to take an active role in protecting its claims in this case.  "A creditor cannot simply sit on its rights and expect that the bankruptcy court or trustee will assume the duty of protecting its interests." In re Andersen, 179 F.3d 1253, 1257 (10th Cir. 1999).  As such, given the particular circumstances of this case, assuming arguendo that the March 28,  2006 Order constitutes a final order for purposes of granting this Court's ability exercise appellate jurisdiction, the Court affirms Judge Steckroth's determination that the August 16 Final Cash Collateral Order has become a final order for purposes of res judicata and cannot now be collaterally challenged through a subsequent motion.

> **3.**      **The Bankruptcy Court's Determination that the IRS's Claim is Unsecured**

In the notice of appeal, the IRS requests that this Court review the Bankruptcy Court's determination that the federal tax claim is unsecured.  In particular, the IRS argues that it was procedurally erroneous for the Bankruptcy Court to have considered whether the federal tax claim is unsecured.  In support of this assertion, the IRS argues that pursuant to Bankruptcy Rule 7001(2), a determination concerning the priority of liens  is to be made through the filing of an adversary proceeding.  (IRS Br. at 10).  In addition, the IRS argues that, substantively, the Bankruptcy Court's determination was incorrect because it did not consider whether Patriot's

assets included assets it had acquired after the notices of federal tax liens had been filed.  (IRS Br. at 11).  However, since this Court affirms the Bankruptcy Court's holding on the basis of <u>res judicata</u>, the Court will decline to reach the merits of this portion of the appeal, as Judge Steckroth's determination that the IRS's claim is unsecured was only an alternative basis for his holding.  Accordingly, if the March 28, 2006 Order is considered a final order for purposes of granting this Court appellate jurisdiction, the Court hereby dismisses this portion of the instant appeal.

## <u>CONCLUSION</u>

For the reasons discussed above, the Court dismisses the instant appeal, finding that it lacks jurisdiction to hear same.  However, assuming arguendo that the March 28, 2006 Order constitutes an appealable final order, the Court affirms Judge Steckroth's determination that the August 16 Final Cash Collateral Order has become a final order for purposes of <u>res judicata</u> and cannot now be collaterally challenged through a subsequent motion.

An appropriate Order accompanies this Opinion.


<u>/s/ Jose L. Linares</u>
DATED: February 6, 2007                    JOSE L. LINARES,
                                           UNITED STATES DISTRICT JUDGE